UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANA WILLIAMS,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

        Defendant.
_____/

Case No. 1:20-cv-11567
Honorable Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE COMPLAINT**

Plaintiff Deanna Williams brought this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security[1] (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). ECF No. 1. The matter was initially referred to Magistrate Judge Elizabeth A. Stafford but was later assigned to Magistrate Judge Kimberly G. Altman. ECF No. 3. The parties filed cross motions for summary judgment. ECF Nos. 13, 15. On June 23, 2021, Magistrate Judge Altman issued a report recommending that Defendant's Motion for Summary Judgment be granted, that Plaintiff's Motion for Summary Judgment be denied, and that the Commissioner's decision be affirmed. ECF No. 17.

Plaintiff timely filed an objection to the Magistrate Judge's Report and Recommendation. ECF No. 18. The Commissioner has since responded. ECF No. 19. For the reasons set forth below,

---

[1] At the time, the Commissioner was Andrew Saul. As of July 9, 2021, Kilolo Kijakazi is the Acting Commissioner of Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), Kilolo Kijakazi is automatically substituted for Andrew Saul as Defendant in this matter.

Plaintiff's objection will be overruled, the Magistrate Judge's Report and Recommendation will be adopted, the Commissioner's Motion for Summary Judgment will be granted, Plaintiff's Motion for Summary Judgment will be denied, the Complaint will be dismissed, and the Commissioner's decision will be affirmed.

**I.**

The background of this case is recounted in Magistrate Judge Altman's Report and Recommendation:

> Williams was 43 years old at the time of her alleged date of onset of July 1, 2017. (ECF No. 10, PageID.197). She completed two years of college education and had prior work experience as a security guard and packer/laborer at a factory. (*Id.*, PageID.212). She alleged disability due to multiple sclerosis, right side weakness, and pain. (*Id.*, PageID.211).
>
> After Williams's DIB and SSI applications were denied at the initial level on July 19, 2018, (ECF No. 10, PageID.128-129) she timely requested an administrative hearing, which was held on March 4, 2019 before the ALJ. (*Id.*, PageID.70-103). Williams testified at the hearing, as did a vocational expert (VE). (*Id.*). On April 12, 2019, the ALJ issued a written decision finding that Williams was not disabled from her date of filing to the date of the decision. (*Id.*, 3 PageID.54-64). On April 21, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id.*, PageID.35-37). Williams timely filed for judicial review of the final decision. (ECF No. 1).

ECF No. 17 at PageID.676–77. The ALJ's decision to deny benefits rested on his finding at Step Five of the sequential analysis that Plaintiff could perform alternative work.[2] *Id.* at PageID.681–82. His findings are summarized in the Report and Recommendation as follows:

> At Step One, the ALJ found that Williams had not engaged in substantial gainful activity since her alleged onset date. (ECF No. 10, PageID.56). At Step Two, the ALJ found that she had the severe impairments of multiple sclerosis and lumbar spondylosis. (*Id.*) At Step Three, the ALJ found that Williams's impairments,

---

[2] "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citing 42 U.S.C. §§ 423(a), (d)). Whether a plaintiff is disabled for purposes of the Act is governed by a five-step sequential analysis set forth in the Commissioner's regulations. *Id.* The steps of that analysis are recited in the Magistrate Judge's Report and Recommendation. *See* ECF No. 17 at PageID.679–80. For the sake of brevity, they will not be recited here.

whether considered alone or in combination did not meet or medically equal a listed impairment. (*Id.*, PageID.57).

The ALJ then assessed Williams's residual functional capacity (RFC), concluding that she was capable of performing light work with the following additional limitations:

> The claimant could only stand/walk 4 hours and sit 6-7 hours out of an 8-hour workday. She requires the use of a handheld assistive device for ambulation. [She] can occasionally push/pull with the left lower extremity, [and] can occasionally handle and finger with the right upper extremity and frequently handle and finger with the left upper extremity. [She] can perform all postural activities occasionally but can never climb ladders, ropes or scaffolds or crawl. [She] is limited to occasional exposure to vibration, unprotected heights, and dangerous moving machinery.

(*Id.*)

At Step Four, the ALJ found that Williams was unable to perform any past relevant work. (*Id.*, PageID.62). At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Williams was capable of performing no light jobs, but one sedentary job – surveillance monitor – with 30,000 available jobs in the national economy. (*Id.*, PageID.63). As a result, the ALJ concluded that Williams was not disabled under the Act. (*Id.*, PageID.64).

ECF No. 17 at PageID.680–82. Plaintiff's Motion for Summary Judgment identified four arguments for why the ALJ's decision was erroneous:

> (1) the opinion of her treating nurse practitioner, Dequanna Johnson, R.N., was not properly considered by the ALJ; (2) Williams would be absent from work beyond the amount an employer would allow due to physical therapy appointments; (3) the job of surveillance monitor identified by the VE is semi-skilled and the ALJ failed to determine that Williams could perform the job; and (4) the ALJ did not properly determine that work exists in significant numbers in the economy based on the single identified job of surveillance monitor.

ECF No. 17 at PageID.684. After thoroughly reviewing the record and applicable law, Magistrate Judge Altman rejected Plaintiff's arguments and recommended that the Commissioner's decision be affirmed. *Id.* at PageID.701.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F.Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Plaintiff's objection to the Magistrate Judge's Report and Recommendation will be overruled for two reasons.

First, her objection is procedurally improper. Despite the Report and Recommendation's instruction that "[a]ny objection must be labeled as 'Objection No. 1,' and 'Objection No. 2.,' etc." and "must precisely state the provision of [the] Report and Recommendation to which it pertains," ECF No. 17 at PageID.702, Plaintiff's objection not only lacks any enumeration of the arguments contained therein but repackages the same reasoning already presented to Magistrate Judge Altman. *Compare* ECF No. 18 at PageID.705–07 *with* ECF No. 16 at PageID.666–68. Though technical in nature, these deficiencies must be addressed as they "effectively duplicate" the functions of the undersigned and Magistrate Judge Altman and thereby result in a waste of judicial resources. *See Howard*, 932 F.2d at 509; *see also Combs v. Comm'r of Soc. Sec.*, No. 18-CV-10930, 2019 WL 1253423, at *3 (E.D. Mich. Mar. 19, 2019) (finding objection "deficient because it repeat[ed], in some portions verbatim, the same argument that [the plaintiff] initially presented to the Magistrate Judge on summary judgment").

Second, even if Plaintiff's objection was properly stated, her argument is without merit. Plaintiff's only objection seems to be to Magistrate Judge Altman's finding that any error in the RFC determination was harmless. *See* ECF No. 18 at PageID.705–06. In her summary judgment briefing, Plaintiff argued that the ALJ erred by disregarding the opinion of her treatment provider, Dequanna Johnson, R.N., who opined that Plaintiff was subject to a number of limitations, including the inability to sit for longer than four hours in a workday. ECF No. 10 at PageID.289–91. The ALJ did not directly evaluate each limitation assessed by Johnson, but as Magistrate Judge Altman explained, "[he] did so indirectly when he found the July 17, 2018 opinion of state agency

consultant Yacob Gawo, M.D., to be persuasive based on its consistency with the evidence as a whole." ECF No. 17 at PageID.689. The Magistrate Judge concluded that "based on the ALJ's summary of the record, the weight given to Dr. Gawo's opinion, and Williams's failure to support the contention that Johnson's opinion should have been given greater weight, any error in the ALJ's consideration of Johnson's opinion evidence is harmless." *Id.* at PageID.691.

In her objection, Plaintiff seems to argue that because the RFC determination does not mirror Dr. Gawo's opinion, the ALJ could not have credited Dr. Gawo over Johnson. *See* ECF No. 18 at PageID.705. As an example, Plaintiff notes that the portion of the RFC determination stating that Plaintiff could "occasionally handle and finger with the upper right extremity and frequently handle and finger with the left upper extremity" was not reflected in either Johnson's or Dr. Gawo's opinions.[3] *Id.* But as the Commissioner notes, the ALJ's finding regarding handling and fingering limitations could have simply been a way of giving Plaintiff "the benefit of the doubt" given the conflicting opinions. *See* ECF No. 19 at PageID.712.

Furthermore, any error in assessing Plaintiff's handling and fingering limitations would be harmless. The ALJ ultimately found that Plaintiff was not disabled based on testimony from the VE that someone with Plaintiff's RFC could work as a surveillance-system monitor. ECF No. 10 at PageID.63–64. That position entails no handling or fingering conditions. *See* DOT § 379.367-010.

---

[3] Johnson opined that Plaintiff could only finger or handle four hours in a workday, ECF No. 10 at PageID.290, while Dr. Gawo found no manipulative limitations, *id.* at PageID.112. Strictly speaking, the ALJ's finding as to the limitations on Plaintiff's left upper extremity was consistent with Johnson's opinion. "Frequently" is a term of art meaning that the activity or condition exists from one-third to two-thirds of a workday. *See* Appendix C - Components of the Definition Trailer, Dictionary of Occupational Titles [hereinafter "DOT"], 1991 WL 688702 (4th ed. Rev. 1991). Therefore, the ALJ's finding that Plaintiff could "frequently" finger or handle with her left upper extremity was consistent with Johnson's opinion that Plaintiff could only finger or handle for four hours in a workday.

Plaintiff has not objected to any other part of the Magistrate Judge's Report, including her detailed discussion of the ALJ's analysis at Step Five.[4] *See* ECF No. 17 at PageID.695–701. Accordingly, Plaintiff's objection will be overruled, and the Magistrate Judge's Report and Recommendation will be adopted.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 18, is **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 17, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED.**

It is further **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**.

Dated: July 29, 2021  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[4] Plaintiff states that "the Commissioner failed to establish the existence of alternate work" but does not develop this assertion elsewhere in her objection. ECF No. 18 at PageID.704. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (alteration original).